UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERNESTO MARIN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 3:25-CV-1582-X-BK |
| | § | |
| TAYLOR FARMS, INC., | § | |
| ROGELIO JIMENEZ, et al., | § | |
| | § | |
| *Defendants*. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation (FCR) in this case. (Doc. 39). Plaintiff Ernesto Marin filed an objection (Doc. 44) and Defendants Taylor Farms Texas, Inc. and Rogelio Jimenez filed a response to Marin's objections (Doc. 45). The Court reviews the unobjected to portions of the FCR for plain error—and finding none—**ACCEPTS** those portions of the FCR. The Court conducted a *de novo* review of the portions of the FCR to which each objection was made, in accordance with 28 U.S.C. § 636(b)(1).

Marin objects to the Magistrate Judge's recommendation that his Title VII claims be dismissed with prejudice but concedes the recommendation that his OSHA and individual Title VII claim should be dismissed against Jimenez. Marin seeks leave to "plead curative facts" and contends that amendment would not be futile.[1]

[1] Doc. 44 at 1.

The Court is not persuaded. As explained in the FCR[2] and raised in Taylor Farms and Jimenez's response,[3] the discrete acts underlying Marin's Title II claims occurred outside the applicable limitations period, and Marin has not identified facts that would cure that defect.[4] Accordingly, amendment would be futile, and the Court **OVERRULES** Marin's objection.

Having conducted a *de novo* review of the objected-to portions of the FCR, and finding no error, the Court **ACCEPTS** the FCR and **ADOPTS** its findings, conclusions, and recommendation. Marin's claims against Taylor Farms and Jimenez under Title VII and the Occupational Safety and Health Act are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED** this 14th day of August 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

[2] "Where discrete acts of discrimination or retaliation . . . occur outside the statutory time period, Title VII precludes recovery for them." Doc. 39 at 7 (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (cleaned up)).

[3] Doc. 45 at 3.

[4] Furthermore, "Marin has previously been given an opportunity to amend his complaint and expand on his factual basis through answers to the magistrate judge's questionnaire" so he "has already pleaded his best case." Doc. 39 at 12.